# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTTERSTOCK, INC., a Delaware corporation,<br><br>                              Plaintiff,<br>  vs.<br>NORBERT PIKULSKI, an individual d/b/a shutterst9ck.com, shjtterstock.com, ehutterstock.com, zhutterstock.com, whutterstock.com, shutterstpck.com, sh7tterstock.com, and shutterst0ck.com; and DOES 1-10,<br><br>                              Defendants. | CASE NO. 14cv869 WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for Temporary Restraining Order and Order to Show Cause as to Why Preliminary Injunction Should Not Issue ("Application for TRO") filed by Plaintiff Shutterstock, Inc. (ECF No. 5).

**I.    Background**

Shutterstock, Inc. is a "publicly traded ... innovative technology company ... [that] connect[s] creative professionals with the best photos, vectors, illustrations and video from thousands of contributors around the world." (ECF No. 1 at 3). Shutterstock is owner of the federally and internationally registered SHUTTERSTOCK word mark "for use in the fields of electronic and print publishing, graphic design, advertising, product packaging and interactive multimedia." *Id.* Shutterstock also owns

1 a number of related domain names, including shutterstock.com. *Id*. at 4.

2     On April 11, 2014, Plaintiff filed a Complaint alleging that Defendant Norbert
3 Pikulski is a "serial typosquatter" and has registered several internet domain names that
4 are confusingly similar to Shutterstock's protected mark. (ECF No. 1 at 5). Plaintiff
5 alleges that these similar domain names resolve to pornographic websites when they are
6 entered into a web browser. *Id*. at 6. Plaintiff alleges that:

7     Defendants' typosquatter schemes and use of the Typosquatter Domains ... infringe on Shutterstock's famous and distinctive Word Mark, confuse
8     the consuming public, diminish the goodwill associated with Shutterstock and its Word Mark, injure Shutterstock's reputation, interfere with
9     Shutterstock's business, and unjustly enrich Defendants.

10 *Id*. Plaintiff alleges the following claims for relief: (1) Cybersquatting in violation of
11 15 U.S.C. § 1125(d); (2) Trademark Infringement in violation of 15 U.S.C. § 1114; (3)
12 False Designation of Origin and Unfair Competition in violation of 15 U.S.C. §
13 1125(e); (4) Trademark Dilution in violation of 15 U.S.C. § 1125(c); (5) a common law
14 claim for Trademark and Trade Name Infringement; (6) Trademark Dilution in violation
15 of California Business and Professions Code § 14335; and (7) Unfair Competition in
16 violation of California Business and Professions Code § 17200 *et seq*. *Id*. at 9-18.

17     On April 16, 2014, Plaintiff filed an Ex Parte Application for Temporary
18 Restraining Order ("Application for TRO") requesting a temporary restraining order
19 and an order to show cause why a preliminary injunction should not issue pending trial
20 or other final disposition of this action. (ECF No. 5). Plaintiff requests an Order from
21 the Court:

22     (a) prohibiting Defendant Norbert Pikulski ("Pikulski"), his agents, servants, employees, attorneys, and/or, pursuant to Federal Rule of Civil
23     Procedure 65(d)(2)(A), any other person in active concert or participation with Pikulski (collectively, the "Enjoined Parties"), from registering,
24     transferring, owning any interest in, and/or controlling any Internet domains that are confusingly similar (either through typosquatting by
25     replacing characters or otherwise) to any of Shutterstock's trademarks, including without limitation the SHUTTERSTOCK word mark (U.S.
26     Registration No. 3,084,900) (the "Word Mark"), Shutterstock design marks (U.S. Registration Nos. 4286040, 4286055, 4286051 and 4286050),
27     and/or the federally registered marks for Shutterstock's brands OFFSET, SKILLFEED, and BIGSTOCK (see, e.g., U.S. Reg Nos. 4350110,
28     4442589, 4446512, 4504338, and 3924779); (b) requiring the Enjoined Parties to immediately transfer the following domains to Shutterstock:

    shutterst9ck.com, shjtterstock.com, ehutterstock.com, zhutterstock.com, whutterstock.com, shutterstpck.com, sh7tterstock.com, and shutterst0ck.com (the "Typosquatter Domains"); and (c) requiring any domain registrars, including without limitation GoDaddy, to cooperate with Shutterstock in effectuating such transfer.

*Id.* at 2.

On April 17, 2014, the Court ordered Plaintiff to file proof of service of the Complaint, summons and the Court's Order. The Court also ordered Defendant to respond to Plaintiff's Application for TRO no later than May 1, 2014. (ECF No. 6). On April 18, 2014, Plaintiff filed a certificate of service indicating that Defendant was served via mail with copies of the Complaint, the Summons, and the Application for TRO. (ECF No. 8). On April 30, 2014, the Court granted Plaintiff's request for an extension of time to file proof of service, and ordered Defendant to file any opposition no later than May 9, 2014. (ECF No. 10). On May 1, 2014, Plaintiff filed a certificate of service indicating that Defendant was served via mail with copies of the Court's April 17, 2014 and April 30, 2014 Orders. (ECF No. 11). The docket shows that Defendant has not entered an appearance or responded to the Application for TRO.

## II. Discussion

Federal Rule of Civil Procedure 65(b) sets forth the requirements under which a court may issue a temporary restraining order when there is no written or oral notice to the adverse party or its attorney. Fed. R. Civ. P. 65(b). When the nonmovant has been served, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). The party seeking preliminary injunctive relief has the burden of showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*NRDC*, 555 U.S. 7, 20 (2008). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation omitted). "[T]he person or entity seeking injunctive relief must demonstrate that irreparable injury is *likely* in the absence of an injunction. An injunction will not issue if the person or entity seeking injunctive relief shows a mere possibility of some remote future injury, or a conjectural or hypothetical injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quotations omitted); *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.") (citations omitted).

Plaintiff contends that it is entitled to a general presumption of irreparable injury because it can demonstrate a likelihood of success on the merits. *Id*. at 23. "Courts have presumed irreparable injury in ACPA cases where defendant has continued to register typosquatting domains after being expressly put on notice of plaintiffs' rights." *Id*. Plaintiff further contends that Defendant should be enjoined "because there is a high likelihood that [Defendant] will transfer the Typosquatter Domains during the notice period pending a hearing on the motion for preliminary injunction." *Id*. Plaintiff contends that granting the Application for TRO "will prevent minors and other individuals from being subjected to the pornographic websites pending hearing on the motion." *Id.* at 25.

"Previously, the rule for preliminary injunctions in the trademark context was that

courts presumed irreparable injury if the moving party showed likelihood of success on the merits." *BoomerangIt, Inc. v. ID Armor, Inc.*, No. 5:12-CV-0920, 2012 WL 2368466, at *3 (N.D. Cal. June 21, 2012) (citing *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999)). The Ninth Circuit has since rejected that presumption, and held that a plaintiff must establish irreparable harm for a preliminary injunction in a trademark infringement action. *See Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) ("We now join other circuits in holding that the *eBay* principle—that a plaintiff must establish irreparable harm—applies to a preliminary injunction in a trademark infringement case."). Accordingly, Plaintiff "must *demonstrate* that irreparable injury is likely in the absence of an injunction." *Park Vill. Apartment Tenants Ass'n*, 636 F.3d at 1160 (emphasis added).

The Court finds that Plaintiff has failed to demonstrate "that [it] is likely to suffer irreparable harm in the absence of preliminary relief...." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Plaintiff has asserted a possibility of a hypothetical future injury, but has failed to provide any evidence which "demonstrate[s] that irreparable injury is *likely* in the absence of an injunction." *Park Vill. Apartment Tenants Ass'n*, 636 F.3d at 1160. Plaintiff has not "*demonstrate[d]* immediate threatened injury" which is a prerequisite to preliminary injunctive relief. *Caribbean Marine Servs. Co.*, 844 F.2d at 674. Because Plaintiff has failed to meet its burden of demonstrating that irreparable injury is likely in the absence of an injunction, the Court "need not decide whether [Plaintiff] is likely to succeed on the merits." *Oakland Tribune*, 762 F.2d at 1376 ("Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury. Because the [plaintiff] has not made that minimum showing we need not decide whether it is likely to succeed on the merits.") (citations omitted); *see also Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (same).

### III. Conclusion

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Application for Temporary

1  Restraining Order and Order to Show Cause as to Why Preliminary Injunction Should
2  Not Issue (ECF No. 5) is DENIED.
3  DATED: May 22, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge